DANIEL R. FOSTER (CA Bar No. 179753)
dfoster@mwe.com
McDERMOTT WILL & EMERY LLP
4 Park Plaza
Suite 1700
Irvine, CA 92614-2559
Telephone: +1 949 851 0633
Facsimile: +1 949 851 9348

Attorneys for Plaintiff
ZODIAC POOL SYSTEMS, INC.

# UNITED STATES DISTRICT COURT

## SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ZODIAC POOL SYSTEMS, INC., a Delaware corporation,<br><br>Plaintiff,<br><br>v.<br><br>REGAL BELOIT AMERICA, INC., a Wisconsin corporation; and REGAL BELOIT CORPORATION, a Wisconsin corporation,<br><br>Defendants. | CASE NO. '15CV2544 GPC BLM<br><br>**COMPLAINT FOR**<br><br>**(1) BREACH OF CONTRACT**<br><br>**(2) UNFAIR COMPETITION (Cal. Bus. & Prof. Code § 17200, *et seq.*)**<br><br>**(3) MISAPPROPRIATION OF TRADE SECRETS (Cal. Civ. Code § 3426 *et seq.*)**<br><br>**DEMAND FOR JURY TRIAL** |

## **COMPLAINT**

Plaintiff Zodiac Pool Systems, Inc. ("Zodiac"), for its complaint against Defendants Regal Beloit America, Inc. and Regal Beloit Corporation (collectively "Regal Beloit"), hereby alleges as follows:

## **THE PARTIES**

1. Zodiac is a Delaware corporation with a principal place of business at 2620 Commerce Way, Vista, California 92081.

2. Upon information and belief, Regal Beloit America, Inc. and Regal Beloit Corporation are Wisconsin corporations with headquarters or principal

COMPLAINT

executive offices at 200 State Street, Beloit, Wisconsin 53511.

3. Upon information and belief, Regal Beloit manufactures and distributes mechanical and electrical devices, including motors, and does business within this judicial district.

## JURISDICTION AND VENUE

4. Zodiac is a Delaware corporation with a principal place of business in California, and upon information and belief, Regal Beloit America, Inc. and Regal Beloit Corporation are Wisconsin corporations with principal places of business in Wisconsin. Federal diversity jurisdiction exists pursuant to 28 U.S.C. § 1332 because the Plaintiff is a resident of a different state from the Defendants and because the value of the matter in controversy exceeds $75,000.

5. This court has personal jurisdiction over both Regal Beloit America, Inc. and Regal Beloit Corporation because they advertise and sell to customers and transact business in this judicial district. In addition, a substantial part of the events or omissions on which the claims are based occurred in the Southern District of California. Thus, venue in this district is proper pursuant to 28 U.S.C. § 1391.

## FACTS GIVING RISE TO PLAINTIFF'S COMPLAINT

6. Zodiac is a global leader in the design and development of innovative pool equipment and systems. Accordingly, Zodiac's proprietary information, trade secrets, and intellectual property have tremendous economic value to Zodiac and are foundational in Zodiac's past and future success.

7. Zodiac and Regal Beloit have an established business relationship spanning several years. Regal Beloit supplies electric motors for use in various Zodiac pool pumps, namely, filtration pumps and booster pumps. Accordingly, Zodiac will occasionally share confidential proprietary information with Regal Beloit in order to optimize product design and development. In accordance with Zodiac's practice, Regal Beloit and Zodiac have entered into multiple confidentiality agreements protecting confidential proprietary information which

COMPLAINT - 2 -

Zodiac has shared with Regal Beloit.

8. On March 18, 2013, Zodiac and Regal Beloit America, Inc. entered into one such Mutual Confidentiality Agreement for the purposes of discussing potential strategic business opportunities consisting of the potential collaboration by the parties in the design and development of Zodiac's pool and spa equipment and the incorporation of Regal Beloit's electric motor and related products into Zodiac's equipment.

9. Section 2 of the Mutual Confidentiality Agreement provides in pertinent part:

> [E]ach party may disclose Proprietary Information that the disclosing party desires the receiving party to treat as confidential. Proprietary Information disclosed by either party to the other hereunder shall be used by the receiving party solely for evaluation of the Business Opportunities. The parties agree … [t]o exercise the same degree of care with regard to the protection of Proprietary Information as it uses in protecting and preserving its own confidential and proprietary information[.]

10. Further, Section 4 of the Mutual Confidentiality Agreement signed by Regal Beloit provides in pertinent part:

> No rights are granted hereby [] nor are any licenses under any patents, mask work right or copyrights, trade secret or other intellectual property right granted or to be implied by this Agreement. Neither party's Proprietary Information may be copied except by express written permission of said party.

11. The Mutual Confidentiality Agreement further provides that California law is to be used to construe the agreement.

12. Also on March 18, 2013, subsequent to entering into the Mutual Confidentiality Agreement, Zodiac and Regal Beloit engineers and business representatives met in Vista, California (San Diego County). During that meeting,

COMPLAINT - 3 -

and pursuant to the Mutual Confidentiality Agreement, Zodiac presented to Regal Beloit a comprehensive discussion of products under development by Zodiac, which included the disclosure of proprietary trade secret information. The proprietary trade secret information disclosed at this meeting was subject to the protections of the Mutual Confidentiality Agreement and has tremendous economic value to Zodiac. The commercial value of the proprietary trade secret information disclosed to Regal Beloit was based in part on its status as a secret. As such, Zodiac took extreme precautions to ensure that the proprietary trade secret information was kept secret and not generally known among or readily accessible to circles that normally deal with that kind of information.

13. On October 29, 2013, Regal Beloit filed a utility patent application with application number 14/066,144. Zodiac was not aware of the application at the time it was filed. The application published on April 30, 2015 with publication number US2015/0120062 A1, listing Marc McKinzie and Vinod Bhansali as named inventors ("the '062 published application"). The published application lists Regal Beloit America, Inc. as the assignee. The '062 published application is attached as Exhibit A to this Complaint.

14. On information and belief, Regal Beloit improperly used Zodiac's proprietary information in the '062 published application, including but not limited to proprietary information disclosed during the March 18, 2013, presentation by Zodiac. The '062 published application contains details of Zodiac's proprietary information that Regal Beloit learned from Zodiac under the protections of the Mutual Confidentiality Agreement.

15. On November 25, 2013, Regal Beloit filed an additional utility patent application with application number 14/089,174. Zodiac was not aware of the application at the time it was filed. The application published on May 28, 2015 with publication number US2015/0148970 A1, listing Yilcan Guzelgunler, Jason Jon Kreidler, William Edward Young, Marc C. McKinzie, Mitchell T. Kiser, and Alan

COMPLAINT - 4 -

M. Smith as named inventors ("the '970 published application"). The published application lists Regal Beloit America, Inc. as the assignee. The '970 published application is attached as Exhibit B to this Complaint.

16. On information and belief, Regal Beloit improperly used Zodiac's proprietary information in the '970 published application, including but not limited to proprietary information disclosed during the March 18, 2013, presentation by Zodiac. The '970 published application contains details of Zodiac's proprietary information that Regal Beloit learned from Zodiac under the protections of the Mutual Confidentiality Agreement.

17. On information and belief, in addition to improperly filing the aforementioned utility patent applications containing Zodiac's proprietary information, Regal Beloit has also used Zodiac's proprietary information to develop commercial products. Regal Beloit sells the VLink intelligent pump motor interface. This product, as advertised, allows users to wirelessly control the function of a pool pump using a smartphone or other mobile device. On information and belief, Regal Beloit Corporation presently maintains a website where the VLink product is commercially advertised.

18. Zodiac has invested considerable time and resources into the development of products that allow users to wirelessly control the function of a pool pump using a smartphone or other mobile device.

19. On information and belief, Regal Beloit's creation of the VLink product was made possible because of Regal Beloit's improper use of Zodiac's proprietary information under the protections of the Mutual Confidentiality Agreement.

20. Finally, Section 11 of the Mutual Confidentiality Agreement provides that the remedies available to Zodiac include both legal remedies and equitable remedies. Section 11 provides in pertinent part:

COMPLAINT - 5 -

McDermott Will & Emery LLP
Attorneys At Law
Irvine

Each party understands and agrees that that its breach or threatened breach of this Agreement may cause irreparable injury to the other Party and that money damages will not provide an adequate remedy for such breach or threatened breach, and both parties hereby agree that in the event of such a breach or threatened breach, the non-breaching party will also be entitled, without the requirement of posting a bond or other security, to equitable relief, including injunctive relief and specific performance. The Parties' rights under this Agreement are cumulative, and a Party's exercise of one right shall not waive that Party's right to assert any other legal remedy. Such remedy shall not be deemed to be the exclusive remedy for breach of this Agreement but shall be in addition to all other remedies available at law or equity.

21. Certain of the following Counts pray for both legal relief and equitable relief since, as contained in Section 11 of the Mutual Confidentiality Agreement, legal relief or equitable relief alone may be inadequate to fully mitigate the extent of Zodiac's injuries.

## COUNT I

## BREACH OF CONTRACT

22. Zodiac repeats and realleges the allegations of paragraphs 1 through 21 as if fully set forth herein.

23. Regal Beloit's wrongful conduct, as alleged above, constitutes a material breach of the Mutual Confidentiality Agreement between Zodiac and Regal Beloit.

24. Regal Beloit's breach of contract has caused and will continue to cause damage to Zodiac, in an amount to be proven at trial.

25. Pursuant to Section 11 of the Mutual Confidentiality Agreement, Zodiac is entitled to specific performance, including but not limited to injunctive relief and equitable remedies requiring the transfer to Zodiac of all right, title, and interest in both the '062 published application and the '970 published application.

26. Further, pursuant to Section 11 of the Mutual Confidentiality Agreement, Zodiac is entitled to all recover all attorney's fees and costs from Regal Beloit arising out of Regal Beloit's breach of the Mutual Confidentiality Agreement.

## COUNT II
## UNFAIR COMPETITION –
## CALIFORNIA BUS. & PROF. CODE § 17200 ET SEQ.

27. Zodiac repeats and realleges the allegations of paragraphs 1 through 21 as if fully set forth herein.

28. California Business & Professions Code § 17200 prohibits acts of "unfair competition," including any "unlawful, unfair or fraudulent business act or practice."

29. As alleged above, Regal Beloit has engaged in unfair competition or unlawful, unfair or fraudulent business acts or practices in violation of the Unfair Competition law by engaging in any one of the following:

    a. Regal Beloit filed the '062 published application containing proprietary information subject to the Mutual Confidentiality Agreement;

    b. Regal Beloit filed the '062 published application wrongfully and willfully listing Marc McKinzie and Vinod Bhansali as inventors and intentionally failing to list the actual inventors employed by Zodiac;

    c. Regal Beloit obtained the rights to the '062 published application via assignment by the listed inventors;

    d. Regal Beloit filed the '970 published application containing proprietary information subject to the Mutual Confidentiality Agreement;

    e. Regal Beloit filed the '970 published application wrongfully and willfully listing Yilcan Guzelgunler, Jason Jon Kreidler, William Edward Young, Marc C. McKinzie, Mitchell T. Kiser, and Alan M. Smith as inventors and intentionally failing to list the actual inventors employed by Zodiac; and

COMPLAINT - 7 -

McDermott Will & Emery LLP
Attorneys At Law
Irvine

f. Regal Beloit obtained the rights to the '970 published application via assignment by the listed inventors.

30. Regal Beloit's deceptive, fraudulent, unfair, and/or unlawful business practices are ongoing and are specifically designed to injure Zodiac.

31. Zodiac has been harmed by Regal Beloit's unfair competition and deceptive business practices. This harm will continue or can reasonably be expected to continue as long as Regal Beloit's acts of unfair competition are permitted to continue.

## COUNT III

## MISAPPROPRIATION OF TRADE SECRETS –
## CALIFORNIA CIVIL CODE § 3426 ET SEQ.

32. Zodiac repeats and realleges the allegations of paragraphs 1 through 21 as if fully set forth herein.

33. At all relevant times, Zodiac was in possession of valuable trade secrets as alleged above.

34. Zodiac's trade secrets, as alleged above, have tremendous economic value to Zodiac.

35. As alleged above, Zodiac has made reasonable efforts to ensure that its trade secrets remain secret.

36. On information and belief, Regal Beloit has misappropriated and continues to misappropriate Zodiac's trade secrets by engaging in the conduct alleged above. Regal Beloit's misappropriation of Zodiac's trade secrets has caused and will continue to cause substantial injury to Zodiac consisting of, among other things, harm to its competitive business, loss of key technology useful in generating new products, and loss of valuable business opportunities.

37. As a proximate result of Regal Beloit's misappropriation of Zodiac's trade secrets, Zodiac has suffered damages in an amount to be determined at trial.

COMPLAINT - 8 -

38. On information and belief, Regal Beloit's acts were willful and malicious, and Regal Beloit misappropriated Zodiac's trade secrets with a deliberate intent to injure Zodiac's business and improve its own, thereby depriving Zodiac of property and legal rights and otherwise causing Zodiac injury. Accordingly, Zodiac is entitled to an award of exemplary damages and attorney's fees under California Civil Code sections 3426.3 and 3426.4.

39. Regal Beloit's wrongful conduct in disclosing and using Zodiac's trade secrets, unless and until enjoined by order of this Court, will continue in the future and will result in irreparable injury to Zodiac. Among other things, Zodiac is severely threatened with the loss of valuable and profitable business opportunities if Regal Beloit's actions are not enjoined.

40. Zodiac has no adequate remedy at law for the injuries it is currently suffering and will continue to suffer in the future. Furthermore, unless Regal Beloit is enjoined by order of this Court, Regal Beloit will continue to make use of the trade secrets misappropriated from Zodiac.

## **JURY DEMAND**

Zodiac hereby demands a trial by jury on all issues so triable.

## **PRAYER FOR RELIEF**

WHEREFORE, Zodiac requests that this Court grant the following relief:

i) An award of compensatory and general damages for Regal Beloit's breach of contract;

ii) An award of legal interest;

iii) An award of costs of suit, including attorney's fees and costs, arising out of Regal Beloit's misappropriation of trade secrets pursuant to California Civil Code sections 3426.3 and 3426.4;

iv) If not otherwise awarded in (iii), an award of costs of suit, including attorney's fees and costs, pursuant to the Mutual Confidentiality Agreement;

COMPLAINT - 9 -

McDERMOTT WILL & EMERY LLP
ATTORNEYS AT LAW
IRVINE

v) An award of exemplary damages and attorney's fees under California Civil Code sections 3426.3 and 3426.4 for Regal Beloit's misappropriation of Zodiac's trade secrets under California Civil Code § 3426;

vi) Specific performance of certain provisions of the Mutual Confidentiality Agreement, including but not limited to provisions requiring the return of Zodiac's proprietary information and the transfer of all right, title, and interest in the '062 published patent application, as well as the transfer of all right, title, and interest in the '970 published patent application;

vii) An accounting and disgorgement of any past or future profits derived from the '062 published patent application or '970 published patent application;

viii) An accounting and disgorgement of any past or future profits derived from sales of Regal Beloit's VLink intelligent pump motor interface;

ix) A judgment that Regal Beloit willfully misappropriated Zodiac's intellectual property, including trade secrets, and an order enjoining Regal Beloit's continued use of Zodiac's intellectual property;

x) An award of punitive damages;

xi) An order under California Business & Professions Code § 17203 that Regal Beloit and its successors, agents, representatives, employees, and all persons who act in concert with Regal Beloit be permanently enjoined from committing any acts of unfair competition; and

xii) Such other and further equitable or legal relief as the Court or a jury deems proper.

COMPLAINT - 10 -

Dated: November 10, 2015

McDERMOTT WILL & EMERY LLP

By: /s/ *Daniel R. Foster*
DANIEL R. FOSTER
Attorneys for Plaintiff ZODIAC POOL SYSTEMS, INC.